IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| SAMIR AHMED SAMOUR, | ) Civil Action No. 2:09-2788-CWH-BM |
| Plaintiff, | ) |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| THE MEDICAL UNIVERSITY OF SOUTH CAROLINA OF HEALTH PROFESSIONALS, MICHELLE ROSECRANS, AND SUZANNE TURNER, | ) |
| Defendants. | ) |

This action has been filed by the Plaintiff, pro se, alleging claims of racial and/or religious and/or gender discrimination. The named Defendants are the Medical University of South Carolina College of Health Professionals (CHP), where Plaintiff was enrolled in a nursing program, and the Clinical Coordinators for the nursing program at two hospitals.

The Defendant Suzanne Turner, Clinical Coordinator for the nursing program at St. Francis Hospital, filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on December 17, 2009. As the Plaintiff is proceeding pro se, a <u>Roseboro</u> order was entered by the Court on December 21, 2009, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff thereafter filed a memorandum in opposition to Turner's motion to



1

Dismiss on January 8, 2010.

Shortly thereafter, the remaining Defendants filed a Rule 12 motion to dismiss on January 11, 2010, following which a second <u>Roseboro</u> order was entered on January 12, 2010. After receiving an extension of time, Plaintiff filed a memorandum in opposition on March 4, 2010. In the interim, the Defendant Turner had filed a reply memorandum to Plaintiff's response to her motion, following which Plaintiff filed a second response on February 5, 2010. The Defendants CHP and Rosecrans also filed a reply memorandum on March 15, 2010, to which a sur reply was filed by the Plaintiff on March 25, 2010

These motions are now before the Court for disposition.[1]

### Plaintiff's Allegations

Plaintiff alleges that he was a full time student in the Anesthesia for Nurses Program at the Medical University of South Carolina, College of Health Professionals, from August 21, 2006 until he was terminated on June 9, 2008. Plaintiff alleges that "[a]s usual, my academic performance was very good," but that he was given a clinical failure by the Defendant Rosecrans, the clinical coordinator for his first clinical rotation at the Lexington Medical Center. Plaintiff alleges that when he attempted to appeal Rosecrans' decision, he was told "not to worry" by the Director of the program at MUSC, so he [Plaintiff] "decided to put it behind and go on."

Plaintiff alleges that he thereafter rotated through different clinical sites and achieved a satisfactory clinical performance in six consecutive rotations. However, after starting a clinical

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendants have filed motions to dismiss. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.



2

rotation at St. Francis Hospital on May 26, 2008, the Defendant Turner, Clinical Coordinator for that clinical site, kicked him out after only three (3) days. Plaintiff alleges that Dr. Tony Chipas, Director of the program at MUSC, thereafter terminated him. Plaintiff alleges he did not appeal this decision via the University Appeal Committee, although he had the opportunity to do so, because he believed the appeals "lacked the objectivity that I was hoping for."

Plaintiff alleges that he "strongly believe[s]" that the clinical failures given to him by Rosecrans and Turner "were solely based on prejudice" because "there were no valid and justifiable reasons for such horrible decisions." Plaintiff further alleges that Rosecrans and Turner "had prejudice against me based on my gender as a male, my national origin as an Arab and my religion as a Muslin." Plaintiff alleges that even though he had a good academic record, he was "the only foreign-born American in my class and I was the only one who didn't graduate . . . ."

Plaintiff seeks monetary damages, as well as reinstatement to the nursing program. See generally, Complaint.

## Discussion

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). As the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard. However, the requirement of liberal construction



3

does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

Defendants argue in their motions that Plaintiff only asserts general and conclusory claims in his Complaint, fails to identify on what basis (statutory or otherwise) his claim is being asserted, and has set forth no factual allegations to show that he is entitled to relief, or to establish a plausible claim that his dismissal from the MUSC nursing program was a result of gender/racial/religious prejudice on the part of any named Defendant. See Rule 8, Fed.R.Civ.P. [requiring a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief"]; Iqbal, 129 S.Ct. at 1949 ["Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."]; see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[While a complaint attacked by a Rule 12 motion to dismiss does not need detailed factual allegations, factual allegations must be enough to raise a right to relief above the speculative level]; Johnson v. Bank of America, No. 09-1600, 2010 WL 1542560, at * 2 (D.S.C. April 16, 2010)["Mere legal conclusions [are] not entitled to a presumption of truth"]. The undersigned is constrained to agree.

First, Plaintiff has set forth no jurisdictional basis for his claims, and the Defendants therefore have no idea what law or statute they are being charged with having violated. While the Defendants reference Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq., as being a possible basis for Plaintiff's claim, since Plaintiff was not an employee, that statute would not appear to be an appropriate jurisdictional basis for Plaintiff's claim. Olojo v. Kennedy-King College, No. 05-6234, 2006 WL 1648441 at **2 (N.D.Ill. June 7, 2006)[finding full-time student



4

could not sue under Title VII, not an employee]. Other statutes (each with their own problems) are also posited in Defendants' briefs, but at this point all such considerations are mere speculation, since Plaintiff does not himself identify a jurisdictional basis for a discrimination claim in this Court. Polsby v. Chase, 970 F.2d 1360, 1363 (4th Cir. 1992) ["Procedural requirements...for gaining access to the ...courts are not to be disregarded by courts out of a vague sympathy for particular litigants"], vacated on other grounds, 113 S.Ct. 1940 (1993).

Additionally, even if Plaintiff had set forth a proper jurisdictional basis for his claim, he has failed to set forth sufficient factual allegations to proceed with this lawsuit. In his responses to the Defendants' motions, Plaintiff concedes that neither Rosecrans or Turner ever "posted signs indicating their hate toward male Arab Muslims, nor, [did] they [make] explicit statements indicating that." Rather, Plaintiff argues that the type of discrimination he was subjected to "was implicit and subtle", and that the Defendants "expressed their hatred by sabotaging me, being nasty, and abusive." Plaintiff also complains that "the only way to prove discrimination in [a] non-conclusary fashion is to videotape the incident or have witnesses present at that time, a thing that is almost impossible to happen in the operating room where clinical practice took place." Plaintiff does further flesh out his complaints against Rosecrans and Turner, arguing that they underrated his level of knowledge, made abrasive and inaccurate comments about his abilities, demonstrated a lack of interest in teaching him, ridiculed and humiliated him in front of people, and other such conduct. However, none of these claims, even if asserted in Plaintiff's Complaint and assumed to be true for purposes of Defendants' motions, is evidence to support a discrimination claim. Cf. Rudolph v. Hechinger, 884 F.Supp. 184, 188 (D.Md. 1995) ["Title VII (does) not protect against unfair [ ] decisions - only against decisions motivated by unlawful animus"], citing Turner v. Texas



5

Instruments, Inc., 555 F.2d 1251, 1257 (5th Cir. 1977)[Title VII case]; Mwabira-Simera v. Howard University, No. 05-441, 2010 WL 809849, at *5 (D.D.C. Mar. 10, 2010)[Plaintiff student must have facts to prove that the reasons offered by the Defendant for dismissal from program for poor academic performance were not the true reasons, but were pretext for discrimination][Title VI case].

The only argument cited by the Plaintiff for his discrimination claim is that he is Arab, male, and a Muslim, while everyone else was "Native American of Caucasian, Christian males and females." This allegation, even if true, is simply not sufficient in and of itself to maintain a discrimination claim in this court. Cf. Nichols v. Caroline County Bd. of Educ., 123 F.Supp.2d 320, 327 (D.Md. 2000)[Plaintiff's contention that white supervisors subjected him to adverse employment actions "because I am who I am" insufficient to establish a racial character to their disagreements and misunderstandings]; Johnson, No. 09-1600, 2010 WL 1542560, at * 2 ["Mere legal conclusions [are] not entitled to a presumption of truth"]; Twombly, 550 U.S. at 555 [Factual allegations must be enough to raise a right to relief above a speculative level]; Papasan v. Allain, 478 U.S. 265, 286 (1986) [Courts need not assume the truth of legal conclusions couched as factual allegations]; House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]; Johnson v. Reno Police Chief, 718 F.Supp. 36, 38 (D.Nd. 1989)[Even a pro se plaintiff may not rely wholly on conclusory allegations, but rather must allege facts which, if proven would entitle the plaintiff to relief"]; Harper v. United States, 423 F.Supp. 192, 196 (D.S.C. 1976)["[W]here the claims in a complaint are insufficiently supported by factual allegations, these claims may be properly dismissed



6

by summary dismissal"]. Therefore, even if Plaintiff had cited to a valid jurisdictional basis for his claims, this case would still be subject to dismissal for failure of Plaintiff to set forth sufficient factual allegations in his complaint to satisfy the pleading standards under Iqbal and Twombly.

Finally, notwithstanding the Defendants having specifically set forth Plaintiff's pleading deficiencies in their motions, Plaintiff has failed to submit sufficient facts or set forth a plausible jurisdictional basis for his claims in his response memorandum, nor has he sought amendment of his pleadings to address or correct these deficiencies. Cf. Calhoun v. Vicari, 05-4167, 2005 WL 2372870, at * 5 (D.N.J. Sept. 26, 2005)[Allowing Plaintiff to supplement an otherwise sufficient allegation to allow for the possible maintenance of a claim]. Plaintiff's failure to do so subjects this case to dismissal, without prejudice for failure to state a claim.

### Conclusion

Based on the foregoing, it is recommended that the Defendants' motions to dismiss be **granted**, and that this case be **dismissed**, without prejudice, for failure of the Plaintiff to state a claim.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 22, 2010
Charleston, South Carolina

7

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



8