IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Samir Ahmed Samour, | Civil Action No.: 2:09-2788-CWH |
| Plaintiff, | |
| vs. | ORDER |
| The Medical University of South Carolina College of Health Professionals, Michelle Rosecrans, and Suzi Turner, | |
| Defendants. | |

The plaintiff, Samir Ahmed Samour, acting pro se, filed this action alleging claims of racial and/or religious and/or gender discrimination against the Medical University of South Carolina College of Health Professionals, where the plaintiff was enrolled in a nursing program, and the clinical coordinators at two hospitals, Michelle Rosecrans and Suzi Turner. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a report and recommendation.

Turner filed a motion to dismiss the plaintiff's action pursuant to Fed. R. Civ. P. 12, to which the plaintiff responded. Thereafter, the remaining defendants filed a motion to dismiss pursuant to Rule 12. After the motions were fully briefed by the parties, the magistrate judge issued a report recommending that this matter be dismissed without prejudice because the plaintiff had failed to allege any jurisdictional basis for his claims of discrimination.



Page 1 of 3

Furthermore, the magistrate judge found that the plaintiff had failed to set forth sufficient factual allegations to maintain a discrimination action in federal court. (Docket Entry # 34). The magistrate judge recommended that the plaintiff's case be dismissed, without prejudice, for failure to state a claim. Attached to the report was a Notice Page which advised the plaintiff of the procedures and requirements for filing objections to the report and the serious consequences if he failed to do so. The plaintiff has filed no objections and the time for doing so has expired.

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the report of the magistrate judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b). The Court reviews the report only for clear error in the absence of an objection. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (internal quotation marks and citation omitted).

After reviewing the record of this matter, the applicable law, and the report and recommendation of the magistrate judge, the Court agrees with the conclusions of the magistrate



judge. Accordingly, the Court adopts and incorporates the report and recommendation (Docket Entry # 34) by reference in this Order. The defendants' motions to dismiss (Docket Entry # 11 and # 21) are granted, and this action is dismissed without prejudice.

**AND IT IS SO ORDERED.**

*[Signature]*
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

July 12, 2010
Charleston, South Carolina